IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| DEYONTA JOSEPH BATISTE | ) |
| AND STACIA KAYE BATISTE, | ) |
| | ) Bankruptcy No. 18-00797 |
| Debtors. | ) |
| | ) |

**RULING ON OBJECTION TO EXEMPTION**

This matter came before the Court for hearing on December 6, 2018. Donald Molstad appeared for himself as Chapter 7 Trustee ("Trustee"). Martha McMinn appeared for debtors Deyonta Batiste and Stacia Batiste ("Debtors"). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Debtors filed their Chapter 7 Petition on June 11, 2018. Debtors amended their Schedule C on August 13, 2018 to claim as exempt $971.90 garnished from Mr. Batiste in Plymouth County Case No. LACV034360. This money was turned over to Trustee on August 2, 2018. Trustee objects to Debtors' exemption claim on the grounds that it was not timely filed.

Debtors may generally amend their bankruptcy petition and schedules at any time before the case is closed. "A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009. "The general rule allows liberal amendment of exemption claims." In re Kaelin, 308 F.3d 885, 889 (8th Cir. 2002) (citing In re

Harris, 886 F.2d 1011, 1015 (8th Cir.1989)). "The two recognized exceptions to this rule are bad faith on the part of the debtor and prejudice to the creditors." Id. (citing In re Doan, 672 F.2d 831, 833 (11th Cir. 1982)).

Trustee has not claimed that Debtors acted in bad faith or that allowing Debtors' exemption will prejudice creditors. The Court, therefore, follows the general rule finds that Debtors' amendment to their Schedule C is allowed.

## CONCLUSION

**WHEREFORE**, Trustee's objection to Debtor's exemption claim is OVERRULED.

**FURTHER**, Trustee is ordered to turn over the exempt funds to Debtors.

Dated and Entered:

February 1, 2019

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE